Biao YANG, Petitioner,

v.

DEPT. OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondent.

No. 04–0698–AG.

United States Court of Appeals, Second Circuit.

June 8, 2005.

---

Biao Yang, New York, NY, for Petitioner, pro se.

Audrey B. Hemesath, Assistant United States Attorney (McGregor W. Scott, United States Attorney for the Eastern District of California, on the brief), Sacramento, CA, for Respondent.

PRESENT: OAKES, KEARSE, and POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Biao Yang petitions for review from an order of the BIA dated January 16, 2004, denying his claims for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history.

We may reverse the BIA's determination for lack of substantial evidence only if no reasonable fact-finder would have made that finding. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004). We grant especial deference to findings based on credibility, requiring only that specific, cogent reasons be provided for rejecting the applicant's testimony, which bear a legitimate nexus to the claim and are valid grounds for disregarding the testimony. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

We have reviewed the record and find that the BIA's affirmance of the IJ's adverse credibility determination is supported by substantial evidence. Yang's own forensic expert reported that the photograph on Yang's marriage certificate appeared to be a composite, casting doubt on Yang's testimony that he was present for the photograph. This related to the heart of Yang's claim because it related to the existence of his marriage, which is an essential element of his claim. Yang contradicted himself regarding what medical procedure was allegedly forced on his wife. This related to the heart of Yang's claim because it related to whether the Chinese family planning policy was actually applied to Yang, which was the basis of his claim. In both cases the BIA cited specific, cogent reasons which were valid grounds to question the veracity of Yang's testimony. Given the dearth of credible corroboration of the marriage or forced abortion, the BIA's finding that Yang therefore failed to establish his claim to asylum or withholding was supported by substantial evidence. We have considered Yang's remaining arguments and found that they lack merit.

For the foregoing reasons, the petition for review is DENIED. Accordingly, Yang's motion for a stay of removal is DENIED.